**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ROY FRY,** | ) | |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| **THRYV, INC.** | ) | |
| c/o CT Corp. | ) | |
| 120 South Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## COLLECTIVE AND CLASS ACTION
## COMPLAINT

1.       This is a collective action brought by Individual and Representative Plaintiff Roy Fry (the "Named Plaintiff" or "Plaintiff"), on his own behalf and on behalf of members of the proposed classes identified below. The Named Plaintiff and the putative class members, during the three year period preceding this lawsuit (the "Statutory Period"), were employed by Defendant Thryv Inc. (formerly known as Dex Media, Inc.). Named Plaintiff and the putative class members were employed as a call center worker. At times during the Statutory Period, the Named Plaintiff and putative class members were not paid overtime wages for hours worked over forty (40) per week. As such, these employees were denied and continue to be denied overtime wages under an illegal pay policy. The Named Plaintiff and putative class members are similarly-situated under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) as they suffered identical wage losses under this illegal policy.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in the U.S. District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391 because events giving rise to these claims occurred in this district.  In addition, Plaintiff was employed by Defendant in this district.

## PARTIES

4.     Plaintiff Roy Fry is an adult resident of Fenton, Missouri. Plaintiff was, within the three years preceding the filing of this lawsuit, employed as a call center worker

5.     Defendant Thryv, Inc. is incorporated in Delaware. Its principal office is at 2200 West Airfield Drive, DFW Airport, Texas 75261. Thryv's registered agent for process in Missouri is CT Corporation System, located at 120 South Central Avenue in Clayton, Missouri.

6.     Thryv is an "employer" within the meaning of 29 U.S.C. §203(d).

7.     Thryv is an enterprise engaged in commerce within the meaning of 29 USC §203(s)(1).

## FACTUAL ALLEGATIONS

8.     Thryv is a print and digital marketing company that delivers cloud-based business software on a subscription basis, as well as a host of marketing products, to over 400,000 small businesses in the United States. Thryv provides consumer services through market-leading search, display and social products and connects local businesses to the monthly visitors of

2

DexKnows.com®, Superpages.com® and yellowpages.com search portals. Specifically, Thryv provides marketing and automated business services and solutions to generate customer leads for its local, regional and national business clients.

9.      Thryv, Inc. was formerly known as Dex Media, Inc.

10.     At times during the three year period preceding the filing of this complaint, the Named Plaintiff and putative class members are or were employed by Defendant as Call Center Workers, this includes but is not limited to all inbound and outbound call center-based "Telesales," "Business Advisor" and "Sales Representative" positions ("Call Center Workers").

11.     At times during the three year period preceding the filing of this complaint, the Named Plaintiff and the putative class members were technically classified by Defendant as nonexempt from overtime wages but were, at times, treated as exempt from overtime.

12.     At times during the three year period preceding the filing of this complaint, the Named Plaintiff and the putative class members were only paid for forty (40) hours of work per week despite routinely working more than forty (40) hours per week.

13.     At times during the three year period preceding the filing of this complaint, the Named Plaintiff and the putative class members were not paid an overtime premium for hours worked in excess of forty (40) hours per week.

14.     Throughout the three year period preceding the filing of this complaint, the job duties performed by the Named Plaintiff and putative class members were those of FLSA non-exempt employees and no FLSA exemption from overtime applies to them.

15.     Class members were involved in selling digital and print marketing and advertising services to other businesses.

3

16.    Class members performed these sales from Defendant's call center locations.

## CLASS ALLEGATIONS

17.    The Named Plaintiff brings the First Claim for Relief on behalf of himself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who were employed by Thryv as Call Center Workers, and who were compensated for forty (40) hours a week despite working more hours per week any time from three years prior to the commencement of this lawsuit through the resolution of this case.

18.    The Named Plaintiff brings the Second Claim for Relief on behalf of himself and on behalf of all other similarly-situated employees, pursuant to Fed. R. Civ. P. 23. The **Missouri Overtime Wage Class** is defined as:

> All persons who were employed by Thryv as Call Center Workers in Missouri, and who were compensated for forty (40) hours a week despite working more hours per week any time from two years prior to the commencement of this lawsuit through the resolution of this case.

19.    The persons in the Missouri Overtime Wage Class defined above, are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than one hundred people who satisfy the definition of the class.

20.    Common factual and legal questions involving the Wage Class predominate over any questions solely affecting individual members of the class, including but not limited to:

a.    Whether Call Center Workers are exempt from overtime compensation under Missouri law;

4

      b.      Whether Thryv maintained a common practice of unlawfully failing to pay overtime compensation to the Named Plaintiff and members of the putative class;

      c.      Whether the Named Plaintiff and members of the putative class performed work for Thryv in excess of forty (40) hours per work week;

      d.      Whether Thryv employed the Named Plaintiff and members of the putative class within the meaning of Missouri law; and

      e.      The proper measure of damages sustained by the Named Plaintiff and members of the putative class.

21. The Named Plaintiff's claims are typical of those of the Missouri Overtime Wage Class. The Named Plaintiff, like other members of the Missouri Overtime Wage Class, was subjected to Thryv's illegal pay policy of refusing to pay overtime wages, in violation of Missouri law.

22. The Named Plaintiff will fairly and adequately protect the interests of the Missouri Overtime Wage Class and has retained counsel experienced in complex wage and hour litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

24. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Missouri Overtime Wage

Class predominate over any questions affecting only individual members of the Missouri Overtime Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Missouri Overtime Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Missouri Overtime Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

25.    The Named Plaintiff intends to send notice to all members of the Missouri Overtime Wage Class to the extent required by Fed. R. Civ. P. 23.

26.    Thryv employs class members throughout the United States and Plaintiff reserves the right to amend this Complaint to include state law claims for individuals who worked in other states.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME**
**COMPENSATION IN VIOLATION OF THE FLSA**

27.    The Named Plaintiff, individually and on behalf of the Collective Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

28.    Thryv is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

29.    Thryv is an employer within the meaning of 29 U.S.C. §203(d). The Named Plaintiff and the members of the Collective Class were employees of Thryv within the meaning of 29 U.S.C. §203(e).

30.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

31.     The Named Plaintiff and members of the Collective Class are not and were not exempt from overtime pay requirements under the FLSA.

32.     At times during the applicable statute of limitations, the Named Plaintiff and members of the Collective Class performed worked in excess of forty (40) hours per week without receiving overtime compensation.

33.     Specifically, the Named Plaintiff and the class members were expected to and did work more than forty (40) hours per week.

34.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, the Named Plaintiff and members of the Collective Class have suffered a wage loss.

35.     Thryv knew or showed reckless disregard for the fact that it failed to pay the Named Plaintiff and members of the Collective Class overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF MISSOURI LAW

36.     The Named Plaintiff, individually and on behalf of the Missouri Overtime Wage Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

37.     The foregoing conduct, as alleged, violates Mo. Rev. Stat. § 290.505.

38.     At all relevant times, Thryv has been and continues to be an "employer" within the meaning of Mo. Rev. Stat. § 290.500(4).

39.    At all relevant times, the Named Plaintiff and the putative Missouri Overtime Wage Class members were Thryv employees within the meaning of Mo. Rev. Stat. § 290.500(3).

40.    Mo. Rev. Stat. § 290.505 requires an employer to pay overtime compensation to all non-exempt employees.

41.    The Named Plaintiff and members of the Missouri Overtime Wage Class are not and were not exempt from overtime pay requirements under Missouri law.

42.    At times during the applicable statute of limitations, Thryv had a policy and practice of failing and refusing to pay overtime wages to the Named Plaintiff and members of the putative Missouri Overtime Wage Class for their hours worked in excess of forty (40) hours per workweek.

43.    As a result of Thryv's willful failure to pay overtime wages earned and due to the Named Plaintiff and members of the putative Missouri Overtime Wage Class, Defendants have violated and continue to violate Mo. Rev. Stat. § 290.500.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, the Named Plaintiff, individually and on behalf of all members of the Collective Class and the Missouri Overtime Wage Class requests the following relief:

A.    An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

B.    An order certifying this action as a class action on behalf of the proposed Missouri Overtime Wage Class pursuant to Fed. R. Civ. P. 23 and issuing notice to all members of the class;

C.    An order designating Roy Fry as Named Plaintiff and as representative of the Missouri Overtime Wage Class pursuant to Fed. R. Civ. P. 23;

D.      An order appointing Williams Dirks Dameron LLC and the Hodgson Law Firm as class counsel;

E.      Leave to add additional plaintiffs and representatives of classes from other states, the filing of written consent forms, or any other method approved by the Court;

F.      An order finding that Defendant Thryv violated the FLSA and Missouri wage and hour laws;

G.      An order finding that these violations were willful;

H.      Judgment against Thryv in the amount equal to the Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

I.      An award in the amount of all liquidated damages and penalties as provided under 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527;

J.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527; and

K.      Such further relief as the Court deems just and equitable.


Respectfully Submitted,

/s/ Eric L. Dirks
**WILLIAMS DIRKS DAMERON LLC**
Eric L. Dirks, MO Bar No. 54921
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: 816-945-7110
Facsimile: 816-945-7118
Email: dirks@williamsdirks.com


Michael Hodgson, MO Bar No. 63677
(*pro hac vice* forthcoming)
The Hodgson Law Firm
3609 SW Pryor Road
Lee's Summit, Missouri 64082

Telephone: 816-600-0117
Fax: 816-600-0137
Email: mike@thehodgsonlawfirm.com

*Attorneys for Plaintiff*