## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROY FRY, *individually and on behalf of all other similarly situated individuals*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 4:21-cv-00283-MTS |
| THRYV, INC., | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER APPROVING SETTLEMENT

This matter is before the Court on the parties' Joint Motion for Approval of Settlement, Doc. [40], and on Defendant's unopposed Consent Motion for Leave To File Under Seal, Doc. [42].  First, on the sealing issue, Defendant has complied with Local Rule 13.05, including by filing a largely unredacted version of the document for the public file, and no one has filed an objection to the sealing, see E.D. Mo. L.R. 13.05(A)(4)(d).  With that in mind, and when weighing the relevant benefits and harms, the Court concludes that sealing the settlement amount is appropriate in this case. *See Williams v. BPV Mkt. Place Invs., LLC*, No. 4:14-cv-1047-CAS, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014).

Now, to the settlement itself.  Though it is unsettled whether federal law requires judicial approval of all settlements under the Fair Labor Standards Act, see *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026–27 (8th Cir. 2019), the Court will review the settlement at the parties' request as to not leave the parties in an "uncertain position," *Tanner v. Empire Financing, Co. LLC*, No. 4:19-cv-0825-SEP, 2020 WL 7316115, at *1 (E.D. Mo. Dec. 11, 2020).  After examining the settlement agreement and the parties' filings, the Court concludes that the litigation involves a bona fide dispute and the settlement the parties propose is fair and equitable

to each side. *Id.* at *1–*2; *see also Williams*, 2014 WL 5017934, at *2. Thus, the Court will approve the parties' joint proposed settlement and dismiss the case.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the unopposed Consent Motion for Leave To File Under Seal, Doc. [42], is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Approval of Settlement, Doc. [40], is **GRANTED**.

An appropriate order of dismissal will accompany this Memorandum and Order Approving Settlement.

Dated this 27th day of January, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] The parties' Motion does not formally request that the Court dismiss the case. *See generally* Doc. [40]; *see also, e.g.*, *Williams v. BPV Mkt. Place Invs., LLC*, No. 4:14-cv-1047-CAS, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014) (granting the parties' "Joint Motion to Dismiss with Prejudice and for Approval of Settlements"). Nevertheless, their Memorandum in Support of the Motion does request it, twice in fact. Doc. [41] at 1. Because the Court concludes that no case or controversy exists now that the Court has approved the settlement of this action, and because the parties' memorandum requests it, the Court will dismiss the case.